# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:02CR20

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| TRACY DONNELL PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion Requesting Clarification of Sentence," filed March 28, 2005.

On May 3, 2004, Defendant pled guilty to Count One of the Bill of Indictment, which alleged violations of 21 U.S.C. §§ 841(b) and 846. On December 6, 2004, this Court sentenced Defendant to thirty-seven months imprisonment. In light of the United States Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and as expressly required by the Fourth Circuit Court of Appeals in *United States v. Hammoud*, 381 F.3d 316 (4th Cir. 2004), *vacated*, 125 S.Ct. 1051 (2005), the Court also entered an alternative sentence of eighteen months in the event that the Federal Sentencing Guidelines were ultimately invalidated by a final action of the Supreme Court. Subsequently, on January 12, 2005, the United States Supreme Court did not "invalidate" the Federal Sentencing Guidelines altogether but rather made these Guidelines advisory as opposed to mandatory. *See United States v. Booker*, 125 S.Ct. 738 (2005). Defendant did not appeal her sentence to the Fourth Circuit Court of Appeals. Rather, she now challenges her sentence, arguing that she is entitled to have the alternative sentence of eighteen months imposed.

The Court is not aware of any authority which makes the provisional alternative sentence announced in Defendant's case self-executing, or which allows the Bureau of Prisons to put it

into effect of its own initiative. Therefore, Defendant is quite properly seeking an avenue of procedure by which she might realize a benefit from that alternative sentence.

A review of Defendant's filing reveals that her Motion is most properly construed as a Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. As set forth within *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), the Court is generally required to notify a defendant if it intends to recharacterize a motion as a Section 2255 petition. *Emmanuel*, 288 F.3d at 649. In addition, the Court must provide a defendant with an opportunity to respond, supplement his motion, and explain the relevant law. *Id.* Therefore, this Court will provide Defendant with thirty (30) days in which to notify the Court as to whether she wants the current Motion construed as a Section 2255 Motion.

Defendant is advised that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of (1) <u>the date on which the judgment of conviction becomes final</u>; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Defendant is further advised that as of the time of this writing, at least, the dictates of the *Booker* case have not been declared to be retroactive for purposes of application in the Section

2255 (collateral review) context.

**IT IS, THEREFORE, ORDERED** that the Court **DEFERS RULING** on Defendant's "Motion Requesting Clarification of Sentence."

**Defendant is notified that she has until SEPTEMBER 16, 2005 to notify the Court as to whether she wants her current Motion construed pursuant to Section 2255.** If Defendant does not so notify the Court, the Court will construe Defendant's "Motion Requesting Clarification of Sentence" as a Section 2255 Motion, and render an Order accordingly.

The Clerk is directed to send copies of this Order to Defendant's attorney and the United States Attorney.

**Signed: August 17, 2005**

Richard L. Voorhees
United States District Judge